■ In the Matter of FRED MESSINA, Respondent, v RICHARD J. STASZAK, as Commissioner of the Schenectady County Department of Social Services, Respondent, and CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Appellant.—Main, J. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered December 17, 1985 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent State Commissioner of Social Services denying petitioner's application for catastrophic illness medical assistance benefits.

In July 1984, petitioner underwent inpatient extracapsular-cataract surgery. Due to complications arising from the surgery, he underwent another surgical procedure two months later as an outpatient and a prescription for corrective lenses was issued. Petitioner qualified for participation in the catastrophic illness medical assistance program *(see,* Social Services Law § 366 [2] [c]) and a portion of the expenses petitioner incurred as an inpatient were thus covered. However, respondent Schenectady County Commissioner of Social Services denied catastrophic illness coverage with regard to the second surgical procedure and the corrective lenses because petitioner did not incur those expenses as an inpatient.

Following a fair hearing, respondent State Commissioner of Social Services (Commissioner) affirmed the decision of the local agency. Petitioner then commenced this CPLR article 78 proceeding. Finding that the Commissioner's regulations expand catastrophic illness coverage beyond inpatient care to

include care which may be performed on an outpatient basis, Special Term found the second surgical procedure and corrective lenses to be covered by the catastrophic illness medical assistance program.

We are of the opinion that Special Term misconstrued the Commissioner's regulations in making its determination. The regulation upon which Special Term relied, 18 NYCRR 505.4 (c) (2), actually describes inpatient services which are excludable from State reimbursement for medical care because they could have been provided on an outpatient basis. It does not expand catastrophic illness coverage to include outpatient procedures.

The language of Social Services Law § 366 (2) (c) is clear, limiting catastrophic illness coverage to a "portion of the cost of in-patient care, services and supplies while in a medical institution". Similarly, the Commissioner's regulation promulgated pursuant to this statute limits catastrophic illness coverage to "payment of [a] portion of the cost of inpatient care in a medical institution" (18 NYCRR 360.31). Since petitioner underwent the second surgical procedure on an outpatient basis, he is not eligible for catastrophic illness coverage of that procedure or of his expenses for corrective lenses.

Ironically, petitioner is being penalized in this case for choosing a less expensive surgical procedure. Had he chosen a more expensive inpatient surgical procedure, his medical expenses in connection therewith would have been covered by catastrophic illness coverage. Instead, he opted for a less expensive outpatient procedure, and as a result is denied catastrophic illness coverage. Nevertheless, while we are cognizant of the injustice being worked upon petitioner, we are obligated to apply the clear statutory language adopted by the Legislature and are constrained to find that petitioner is not entitled to catastrophic illness coverage for his second surgical procedure or his corrective lenses.

Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.